MARTIN WIACKIS, PLAINTIFF IN ERROR, v. STANDARD
OIL COMPANY, DEFENDANT IN ERROR.

Submitted March 17, 1910—Decided June 20, 1910.

Plaintiff, as the servant of defendant, was engaged in cutting the rough
edges from boards with a circular saw which would stop when
he pressed the boards against it with too much force, until the
pressure was removed by pulling the boards from the saw. This
plaintiff did several times. and knew from experience that the saw
would start its revolutions immediately the pressure was relieved.
In withdrawing a board he placed his hand in such a position
that it was brought in contact with the saw, and when it started
his hand was cut. *Held*, that the danger of injury under such cir-
cumstances was not latent but obvious, and one which the plaintiff
assumed as a part of his contract of employment. which he had
accepted without complaint of inexperience or want of knowledge
of the method of performing the task assigned to him, and that
he was properly nonsuited in an action to recover from his master
damages for his injury.

On error to Hudson County Circuit Court.

For the plaintiff in error, *Edward P. Johnson, Jr.*

For the defendant in error, *Charles W. Fuller.*

The opinion of the court was delivered by

BERGEN, J.  Plaintiff applied to defendant for employment
which was given him.  He was over twenty years of age,
weighed one hundred and seventy pounds, and stated no limi-
tation of his qualifications to perform any service that might
be required of him in the employment he sought.  He was
taken to a table, through the surface of which a circular saw
was running, and both were in use for the purpose of cutting
off rough edges of boards, the boards being placed on the
table and pushed along the surface against the saw by the
operator, and being told to do that work he watched a man
working at the table for a few moments, and then took his
place without suggesting to his employer that he was without

experience in that class of work. After working four days his hand came in contact with the saw and it was injured, for which he brought this suit. The trial court ordered a judgment of nonsuit, and this writ of error was issued to test the legality of such order. There was no evidence that the machinery was out of order, and the cause of the accident, as disclosed by plaintiff's case. was, that in pushing the board against the saw the plaintiff used too much force and clogged it, causing it to stop, and in trying to start it again by drawing the board away from it, he had placed his hand so near to it that when the saw started it cut his hand. The plaintiff described it as follows: "When the saw run I pushed the board from me, and when it stopped, I wanted to loosen it by pulling it toward me, and the saw caught my thumb. * * * My intention was to loosen the board so that the saw would start to work." The same thing had happened two or three times that day, and he testified that he had "done the same thing before as he did the last time." Thus it clearly appeared from plaintiff's case that he knew that when he relieved the saw from the pressure of the board he was pushing against it the saw would start, and it was perfectly obvious to him that the saw in motion would cut his hand if it came in contact with it. There was no latent danger. The plaintiff knew that the saw in motion would cut his hand if they came together, and he knew that as soon as the pressure he had applied was removed the saw would start. No amount of instruction or warning of such a danger could possibly impress it upon his mind with any greater force than his experience had already done. The injury, as alleged in each count in the declaration, happened because the "circular saw suddenly stopped, while said plaintiff was pushing against it a board in process of cutting, and again started," but the proofs show that it started after plaintiff had ceased pushing the board and while he was withdrawing it so that the saw would resume the cutting. The injury was the immediate result of an act of the plaintiff which he knew would put in motion an implement certain to injure his hand if it remained where he had put it until the very thing he was trying to do had been

accomplished, that is the starting of the saw. At the close of the plaintiff's case no negligence on the part of the defendant had been proven, while on the contrary, it did appear that the accident was the result of the carelessness of the plaintiff in holding his hand so close to the saw that it would be cut if the saw was in motion, and that plaintiff was doing what he knew would produce that result.

There being no proof of negligence on the part of the defendant, and it appearing that the accident was caused by the negligence of the plaintiff in not avoiding a danger, the risk of which was plainly obvious to him, the nonsuit was right and the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 15.

*For reversal*—None.